IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DANA S. VAIL,                                                                        PLAINTIFF

v.                                       Civil Action No.: 1:07CV194-M-A

MICHAEL J. ASTRUE,
Commissioner of Social Security,                                DEFENDANT

## MEMORANDUM OPINION

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Dana S. Vail for period of disability and disability insurance benefits (DIB) under Section 216(I) and 223(d) of the Social Security Act. Plaintiff applied for benefits on April 27, 2004, alleging that she became disabled on September 1, 2003, due to fatigue, muscle pain and lack of energy. (Tr. 75). The plaintiff's claim was denied initially and on reconsideration. An administrative hearing requested by plaintiff was held on May 22, 2006, at which plaintiff and a Vocational Expert (VE) testified. On September 8, 2006, the Administrative Law Judge (ALJ) issued an unfavorable decision. The Appeals Council denied plaintiff's request for review on June 10, 2007. The ALJ's decision is now ripe for review.

## FACTS

The plaintiff was born in 1975 and was thirty-one years old at the time of the hearing in this case. Plaintiff completed the eighth grade and later obtained her GED. (Tr. 262). Her past relevant work history was as a machine operator, warehouse worker, restaurant server, cafeteria

1

server, fast food carhop and fast food worker. (Tr. 276).

The ALJ determined that the plaintiff suffered from "severe" impairments including fibromyalgia, obesity and depression (Tr. 16, Finding No. 3), but that these impairments did not meet or equal one of the listed impairments of 20 C.F.R. § 404 Subpart P, Appendix 1. (Tr. 17, Finding No. 4). The ALJ determined that the plaintiff retains the residual functional capacity (RFC) to perform the exertional demands of sedentary work involving lifting up to 10 pounds occasionally, standing/walking two hours out of an 8-hour work day, and sitting six hours out of an 8- hour work day. (Tr. 18, Finding No. 5). He further found that plaintiff is able to occasionally perform postural activities such as climbing stairs, ropes, scaffolds and ladders, balancing, stooping, crouching, kneeling and crawling. *Id.* She should avoid heights and moving machinery and her work must not demand attention to details, complicated tasks or instructions and only occasional cooperation and interaction with co-workers and the general public. *Id.* Finally, the ALJ found that plaintiff is able to maintain attention or concentration for a minimum of two hours at a time and adapt to changes in the workplace at least at the basic level. *Id.* Based on this RFC, the evidence in the case, and the testimony at the hearing, the ALJ determined that the plaintiff is able to make a successful adjustment to other work that exists in significant numbers in the national economy and therefore not disabled. (Tr. 20).

The plaintiff has properly appealed the ALJ's determination and now, on appeal to this court raises the following issues:

1. Whether the decision of the Commissioner is supported by substantial evidence.

2. Whether the ALJ's finding that the plaintiff was not disabled was the result of an impermissible selective reading of the record as a whole.

3.  Whether the ALJ's hypothetical posed to the vocational expert was improper due to failure to list all of plaintiff's impairments.

4.  Whether the ALJ afforded proper weight to treating and consulting physicians' opinions.

[Docket # 10]. These arguments fall into three basic categories: whether the ALJ's decision was based on substantial evidence, whether the ALJ used a proper and complete hypothetical in questioning the VE and whether the ALJ erred in rejecting medical evidence in the record.

## STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining her burden at each of the first four levels then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second, the plaintiff must prove her impairment is "severe" in that it "significantly limits her physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude the plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2003).[5] If plaintiff

---

[1] *See* 20 C.F.R. § 404.1520 (2003).

[2] *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991).

[3] 20 C.F.R. § 404.1520(b) (2003).

[4] 20 C.F.R. § 404.1520 (2003).

[5] 20 C.F.R. § 404.1520(d) (2003). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 404.1525 (2003).

does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[6] At step five the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance . . . ." *Anderson v. Sullivan,* 887 F.2d 630, 633 (5th Cir. 1989) (citation omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

The ALJ concluded plaintiff has fibromyalgia, obesity and depression, each of which constitutes a severe impairment . (Tr. 16). Nevertheless, at step three the ALJ found that neither these limitations nor the combination of the three met or equaled a listed impairment. (Tr. 17). After reviewing the medical records as a whole and considering the credibility of the plaintiff's

---

[6] 20 C.F.R. § 404.1520(e) (2003).

[7] 20 C.F.R § 404.1520(f)(1) (2003).

[8] *Muse*, 925 F.2d at 789.

subjective complaints, engaging in a detailed discussion of the plaintiff's symptoms and an appropriate review of the plaintiff's mental abilities, the ALJ determined that the plaintiff retained the residual functional capacity to perform the exertional demands of less than sedentary work involving lifting up to 10 pounds occasionally, standing or walking 2 hours out of an 8 hour work day, and sitting 6 hours out of an 8 hour work day. (Tr. 18, Finding No. 5). Further, he found that she can occasionally perform postural activities as in climbing stairs, ropes, scaffolds and ladders, balancing, stooping, crouching, kneeling and crawling, is to avoid heights and moving machinery, and her work must not demand attention to details, complicated tasks or instructions and only occasional cooperation and interaction with co-workers and the general public. *Id.* Finally, she is able to maintain attention or concentration for a minimum of two hours at a time and adapt to changes in the workplace at least at the basic level. *Id.* Utilizing the testimony of a vocational expert, the ALJ determined at step five of the sequential evaluation process that the plaintiff is able to make a successful adjustment to other work that exists in significant numbers in the national economy. (Tr. 20). In so finding, the ALJ concluded that the plaintiff is not disabled pursuant to the Act.

## DISCUSSION

Substantial Evidence

Substantial evidence has been defined by the Fifth Circuit as "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). The ALJ based his RFC determination on the medical evidence. (Tr. 205 - 210; 224). Relying upon testimony of VE Stephen R. Cates, he found that the plaintiff was able to perform

neither her past relevant work nor a full range of sedentary work. (Tr. 20). However, after examining the evidence presented by the plaintiff, medical-vocational guidelines and the testimony of the VE, the ALJ determined that the plaintiff was capable of making a successful adjustment to other work, including occupations such as a production helper, and assembler which exists in significant numbers in the national economy. (Tr. 20). Based on this finding, the ALJ found the plaintiff not disabled under the Social Security Act. *Id.*

The plaintiff argues that the ALJ's determination that plaintiff is not disabled is in clear contradiction of "every single medical provider" with the exception of Dr. Kossman, a consultant. According to plaintiff, every medical provider but Dr. Kossman found the plaintiff to have significant limitations due to pain. [Docket #10, pp 7-8]. Plaintiff argues that the ALJ failed to follow the prescribed method for pain and symptom evaluation and that the ALJ overlooked much of the evidence supporting her claims. However, after reviewing the ALJ's decision, it is clear that he fully acknowledged that the plaintiff had appreciable impairments, including fibromyalgia, carpal tunnel syndrome and depression. (Tr. 17 - 18). He nevertheless found that the "record reflects the [plaintiff's] problems and related limitations are largely based upon subjective complaints of pain. [O]bjective and clinical findings fail to document gross physical or neurological deficits." (Tr. 17.) He noted that none of plaintiff's physicians had imposed limitations upon her as a result of their findings and that "[t]reatment also remains conservative and there are no medical assessments indicative of total and permanent disability." *Id.*

It is peculiarly within the province of the ALJ to make determinations regarding credibility of the evidence. *Harrell v. Bowen*, 862 F.2d 471, 480 (5th Cir. 1988). Where medical

evidence provides a basis for a plaintiff's complaints, an ALJ's finding that the complaints are incredible will not be upheld by a reviewing court unless the ALJ weighed the medical evidence and articulated his reasons for disbelieving the complaints. *Abshire v. Bowen*, 848 F.2d 638, 642 (5th Cir. 1988). In this case there are clearly diagnosed impairments, and the fact that the ALJ limited the plaintiff in her RFC to less than a full range of sedentary work indicates his review, understanding and agreement with the strength of that evidence and the severity of the plaintiff's impairments. Nevertheless, while agreeing that the plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms," he concluded that the plaintiff's statements regarding the "intensity, persistence and limiting effects of these symptoms are not entirely credible." (Tr. 19).

There is considerable lack of supporting objective medical evidence in this case. It is true that once a medical impairment is established, the ALJ must consider subjective complaints of pain along with the available medical evidence to determine the individual's work capacity. *See* 20 C.F.R. 404.1529(a). Nevertheless, the fact that the medical evidence in this case, including the opinions of her physicians, establishes that she has some impairments alone is not necessarily enough to warrant a finding that she is disabled. For example, the medical evidence from Dr. Laura Gray showed "mild slowing" of nerves in her wrist leading to a finding of "early mild right carpal tunnel syndrome." (Tr. 192, 193). There was no finding that she was restricted by this condition other than a recommendation that she wear a brace. *Id.* During the hearing before the ALJ the plaintiff testified that Dr. Gray had diagnosed her with carpal tunnel syndrome and a herniated disc, (Tr. 268), but there is no reference to a definitive diagnosis of a herniated disc by Dr Gray in the evidence provided.

7

The record does not provide evidence that any of the doctors who treated the plaintiff imposed any restrictions on her activities. Although the record is replete with plaintiff's subjective complaints of constant pain, aches, fatigue and general feelings of malaise, it is likewise full of medical findings that the plaintiff has no acute illness, a normal gait, regular strength, grip and reflexes. Most of the notations in the medical records regarding plaintiff's conditions are merely historically recording of her own statements regarding pain and problems. Upon examination, the doctors do not appear to find any severe limitations. In general, it appears that the plaintiff consistently presents with severe subjective complaints and yet no significant physical abnormalities or illness.

The evaluation of the plaintiff's subjective symptoms is particularly within the ALJ's discretion. *Harrell v. Bowen*, 862 F.2d 471, 480 (5th Cir. 1988). In this case, the plaintiff testified to severe, disabling pain and dramatic limitations on her ability to function day to day. (Tr. 268 - 271). Although medical evidence alone is not the sole determining factor of the credibility of a plaintiff's subjective evidence, it is an important factor to consider. *Russell v. Sullivan*, 950 F.2d. 542, 545 (8th Cir. 1991). Subjective complaints must be corroborated, at least in part, by objective evidence. *Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989). The record clearly reflects the ALJ's conscientious, clear consideration of the evidence, including her subjective complaints. The fact that the ALJ did not find that the plaintiff had pain at the level of severity that she claimed is completely within the his discretion, and this court does not find that his determination was in error. Accordingly, the court finds that the plaintiff's claims that the ALJ erred in "cherry-picking" evidence and discounting plaintiff's credibility relating to her subjective complaints of pain must fail.

Evaluation of Medical Evidence

The plaintiff next contends that the ALJ failed to afford proper weight to opinions of treating and consulting physicians. To the contrary, the ALJ's decision acknowledges what the majority of the plaintiff's physicians found – the plaintiff has consistent, documented complaints of pain, fatigue, depression and general malaise, yet the objective medical tests do not point to a clearly defined diagnosis that would cause these severe symptoms. The plaintiff testified that she has been advised that diet and exercise could relieve some of her complaints and that when she does exercise her symptoms are better. (Tr. 271 - 272). As noted above, plaintiff's daily activities have never been restricted by any of her physicians. Given the fact that the majority of plaintiff's claims are substantiated only by her subjective complaints, however real, it is within the discretion of the ALJ to determine the plaintiff's credibility, and the court has determined that his decision to find her partially credible was supported by substantial evidence. As to the proper weight to be afforded plaintiff's treating and consulting physicians, the ALJ provided a detailed basis for his findings. He specifically addressed the plaintiff's physicians and their findings and noted that the only physician who noted limitations was Dr. Ursachi, who stated that his findings were based primarily on plaintiff's subjective complaints. (Tr. 232). The plaintiff has provided no evidence and cannot point to any specific *objective* medical findings that would establish a disability as defined by the Act.

The Fifth Circuit has held that generally "a treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence." *Martinez v. Chater*, 64 F.3d 172, 175-76 (5th Cir. 1995); 20 C.F.R.

9

§ 404.1527(d)(2). Although the opinion and diagnosis of a treating physician should be afforded considerable weight in determining disability, "the ALJ has sole responsibility for determining a claimant's disability status." *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990). "'[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion.'" *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987) (citation omitted). Good cause may exist to allow an ALJ to discount the weight of evidence of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence. *Newton v. Afpel*, 209 F.3d 448, 456 (5th Cir. 2000).

In this case the ALJ afforded greater weight to the opinions of treating sources "to the extent that they are supported by objective evidence and have considered the [plaintiff's] allegations." (Tr. 19). He "also considered the opinions of the state agency medical consultants. . . and [gave] them weight to the extent they are consistent with the body of evidence as a whole." There is nothing in the ALJ's opinion or the record as a whole that contradicts the ALJ's statement regarding weight of the opinions of physicians in this case. The plaintiff has brought forth no evidence that shows a clear opinion that was improperly rejected or given lesser weight. Accordingly, the court finds that this argument too must fail.

Hypothetical Question to the Vocational Expert

The plaintiff claims that the ALJ failed to include the plaintiff's complaints of migraine headaches one to two times per week in his hypothetical questions to the VE, upon whose testimony he relied for his finding that the plaintiff could perform work. [Docket #10, p. 13]. Plaintiff argues that due to these headaches she must frequently lie down in a cool dark place, a

fact which would prohibit her from working in any full time position. Nevertheless, the plaintiff points to no medical diagnosis of migraines or restrictions or limitations on daily activities noted or prescribed by any doctor for migraines. In fact, plaintiff's only real evidence of migraines or headaches are references in the medical record to her own statements regarding her subjective complaints. Again, there is no objective medical evidence to support plaintiff's subjective complaints and her self-described limitations. (Tr. 15, 156, 226).

An ALJ is not bound to include in a hypothetical limitations which are based on evidentiary assumptions ultimately rejected by him. *See Owens v. Heckler* 770 F.2d 1276, 1282 (5th Cir. 1985). In this case, the ALJ found that the plaintiff suffered from severe impairments including fibromyalgia, obesity and depression. (Tr. 16, Finding No. 3). There is no objective evidence in the record to show that the plaintiff has been diagnosed as having migraine headaches or that any physician has prescribed any limitations on her work or life activities as a result of migraines. The court holds that the ALJ did not err in failing to include such limitations in his hypothetical question to the VE. The court concludes that the ALJ's decision was based on substantial evidence and should be affirmed.

CONCLUSION

In accordance with this memorandum opinion, a final judgment shall be issued this day.

THIS, the 11th day of March, 2009.

/s/ MICHAEL P. MILLS  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT  
NORTHERN DISTRICT OF MISSISSIPPI